Amended ALD-251                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2811
_____

IN RE: JOHN SUTCLIFFE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the District of New Jersey
(Related to D.C. Civ. No. 14-cv-02218)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
June 5, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: July 16, 2014)
_____

OPINION
_____

PER CURIAM

       Petitioner John Sutcliffe, a South Carolina prisoner, seeks mandamus relief from

this Court.  For the reasons that follow, we will deny the petition.

       Sutcliffe asserts that his request for mandamus relief is related to a civil action

filed in the United States District Court for the District of New Jersey, Thompson v.

Morton, D.N.J. Civ. No. 14-cv-02218.  In that action, filed on April 3, 2014, fellow South

Carolina inmate Douglas Thompson sued several New Jersey state court judges, alleging a violation of his civil rights, 42 U.S.C. § 1983. Sutcliffe also states in his mandamus petition that he and Thompson are parties in a consolidated action pending in the New Jersey Superior Court in Bergen County, Crawford v. McKie, No. BER-L-1708-14. He asserts that several cases were filed in Hudson and Essex Counties by prisoners, and that these cases were improperly consolidated and transferred to Bergen County. In connection with these cases, Sutcliffe claims a right to mandamus relief because "Thompson petitioned to remove" the Bergen County case to federal court "against our will." Petition, at 10. Sutcliffe claims that, "by that action [Thompson] made me a party in [the federal court case] permitting me to correct any deficiency that was fraudulently done to us." Id. at 11. Sutcliffe also demands that we provide him with all the relief that Thompson seeks in *Thompson's* federal court case. See id. at 13-14. The remainder of Sutcliffe's mandamus petition is devoted to a religious argument that the convictions of "All African Americans, Christians, Muslims and Jews [be] rendered void," id. at 17, and it includes a demand that he and others be released from their South Carolina prisons, see id. at 34. In connection with Sutcliffe's request for mandamus relief, we have examined the complaint filed in Thompson v. Morton, D.N.J. Civ. No. 14-cv-02218, which was attached as an exhibit to the mandamus petition.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See

Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (quoting Will v. United States, 389 U.S. 90, 95 n.2 (1967)). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

To the extent that Sutcliffe is challenging the handling of the New Jersey state case, Crawford v. McKie, No. BER-L-1708-14, by New Jersey state officials, he does not allege an action or omission by a United States District Court within this circuit over which we might exercise our authority by way of mandamus. Cf. United States v. Christian, 660 F.2d 892, 895 (3d Cir. 1981) (focal question for federal appellate court is whether action of federal District Court impedes appellate jurisdiction granted in some other provision of law). Accordingly, exercise of our mandamus jurisdiction would not be proper. To the extent that Sutcliffe is seeking mandamus relief from his South Carolina conviction, he has other adequate means to obtain relief. Haines, 975 F.2d at 89 (mandamus petitioner must show, among other things, that he has no other adequate means to obtain the relief desired). Sutcliffe may seek relief from his conviction in the appellate courts of South Carolina, or he may challenge his conviction and sentence under 28 U.S.C. § 2254 in the federal district court in South Carolina.

To the extent that Sutcliffe is challenging the actions or inactions of the federal District Judge assigned in the matter of Thompson v. Morton, D.N.J. Civ. No. 14-cv-

3

02218, he lacks standing. Sutcliffe is not a party in the <u>Thompson</u> federal civil rights action, and his allegations in the mandamus petition of injury-in-fact in connection with that action are vague. We are not persuaded that he has standing to seek mandamus relief in connection with the <u>Thompson</u> case, <u>see</u> <u>United States v. Mindel</u>, 80 F.3d 394, 398 (9th Cir. 1996) (except in First Amendment cases, party that does not have standing to directly appeal district court's order does not have standing to petition court of appeals for writ of mandamus). Moreover, as a non-lawyer pro se litigant, Sutcliffe may not represent parties in the federal courts other than himself. <u>See</u> 28 U.S.C. § 1654; <u>see also</u> <u>Osei-Afriyie v. Medical College of Pa.</u>, 937 F.2d 876, 882–83 (3d Cir. 1991). If Sutcliffe seeks the same relief that Thompson has demanded in D.N.J. Civ. No. 14-cv-02218, he may file his own civil rights action in federal court, <u>see</u> 28 U.S.C. § 1343(a)(3) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: *** (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.").

For the foregoing reasons, we will deny the petition for writ of mandamus. Sutcliffe's motion seeking to recall all remittiturs is denied. His motion to "reinstate case 14-1364" and to consolidate 14-1364, 14-2000, and 14-2811; motion titled "Affidavit of Facts Recalling the Remittitur in Case 2012-212427; and motion seeking Ex Parte Hearing and Legal Counsel, all are denied. His various motions to supplement the mandamus petition are granted.

4